IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FATOUMATA MAIGA                          :

                                         :

       v.                                :   Civil Action No. DKC 2008-1858

                                         :

L.F. JENNINGS, INC., et al.              :

                                         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this negligence case are: (1) a motion for summary judgment filed by L.F. Jennings, Inc. ("Jennings") and Washington Metropolitan Area Transit Authority ("WMATA") (Paper 52); (2) a motion for joinder to motion for summary judgment filed by Clark Builders Group LLC ("Clark") (Paper 56); and (3) Plaintiff's motion for summary judgment against Tides Enterprises, Inc. ("Tides") (Paper 61).  The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion for summary judgment filed by WMATA and Jennings will be granted; the motion for joinder filed by Clark will be granted; and Plaintiff's motion for summary judgment, interpreted as one for entry of default, will be denied.

I.   **Background**

A.   **Factual Background**

On Saturday, May 19, 2007, Plaintiff Fatoumata Maiga was walking on a pedestrian walkway outside Prince George's Plaza Metro Station along Belcrest Road. (Paper 52, Ex. 2, Maiga Dep. at 16-17). Plaintiff was returning to her car which was parked in an open-air parking lot at a nearby shopping center after riding the Metro. (*Id*.). It was mid-morning and the weather was clear. (*Id*.). Plaintiff was walking with a group of people who had all exited the Metro station, when she tripped on a rock and fell. (*Id*.). Someone called an ambulance, and she was taken to a nearby hospital. Plaintiff's leg was broken, and after putting a cast on it, the hospital sent her home with crutches. (*Id*. at 24-26). Plaintiff did physical therapy for several months, stopping in July 2007. (*Id*. at 32-33).

The amended complaint alleges that Plaintiff was on premises "owned and operated by" WMATA, and that Jennings and Clark were operating construction projects nearby. (Paper 40 ¶¶ 2-3). She alleges that those three Defendants were negligent and careless in the maintenance and operations of the premises and construction, causing her to trip on construction-related debris. (*Id*. at ¶ 4) Alternatively, Plaintiff alleges that Tides allowed landscaping rocks from its premises to enter the sidewalk. (*Id*. at ¶ 5).

2

According to interrogatories answered by WMATA and Jennings, the location identified by Plaintiff as the place where she fell was not owned by WMATA or Jennings. (Paper 52, Ex. 3, WMATA Answer to Interrog. 11, "The place of the alleged occurrence, as identified by Plaintiff, is not property owned or controlled by Defendant or for which Defendant owed any responsibility."; Ex. 4, Jennings Answer to Interrog. 11, "The location of the alleged occurrence was not within any area over which Defendant had any responsibility or control.").

**B.   Procedural Background**

Plaintiff filed a complaint against Jennings and WMATA on May 14, 2008 in the Circuit Court for Prince George's County. (Paper 2).  On July 17, 2008, Jennings removed the action to the United States District Court for the District of Maryland because the United States district courts have original jurisdictions over all actions against WMATA, pursuant to Md. Code, Transp., § 10-204(81).  (Paper 1).  Jennings filed a third-party complaint against Clark, prompting Plaintiff to file an amended complaint, adding Clark and Tides as Defendants. (Paper 40).

After discovery was completed, Defendants Jennings and WMATA filed a motion for summary judgment on May 13, 2009. (Paper 52).  Seeking to join the motion, Defendant Clark filed a motion for joinder on August 5, 2009.  (Paper 56).

3

It is not clear whether Plaintiff has properly served Tides. The clerk issued a summons on April 17, 2009 for Tides, showing the resident agent as Dereje Genanaw, at 7309 Sara Street, New Carrollton, Maryland. (Paper 43). In an affidavit of attempted service filed on August 10, 2009, Plaintiff recites that the summons was returned "unexecuted," due to unsuccessful attempts to serve Tides c/o Dereje Genanaw at 21821 Gaithers Meadow Lane, Brookeville, MD during June 2009. (Paper 57). Nevertheless, Plaintiff filed a motion for summary judgment, which will be interpreted as a motion for entry of default, on September 10, 2009, attaching a new return of service reciting that Tides had been appropriately served by service on the Maryland State Department of Assessment and Taxation on July 2, 2009. The certificate of service on that paper again states that the resident agent is at 7309 Sara Street, New Carrolton, Maryland.[1] (Paper 61). The motion for entry of default remains unopposed. The issue of whether or not service has been validly accomplished is addressed below.

---

[1] Plaintiff recites that the Gaithers Meadow Lane address was obtained from the Maryland State Department of Assessments and Taxation. (Paper 58 ¶ 9).

## II.  Analysis

### A.   Summary Judgment Standard

Defendants WMATA and Jennings have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, and Defendant Clark has moved to join their motion.  It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). In other words, if there clearly exists factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See Scott v. Harris*, 127 S.Ct. 1769, 1774 (2007); *Emmett,* 532 F.3d at 297.  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  *Celotex Corp.*, 477 U.S. at 323.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."

*Id.* Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 254; *Celotex Corp.*, 477 U.S. at 324. "A mere scintilla of proof, however, will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. (citations omitted).

### B. Analysis

WMATA and Jennings argue that Plaintiff will be unable to prove a case of negligence because neither WMATA nor Jennings owed a duty to Plaintiff and that, even if Plaintiff were to prove a *prima facie* case of negligence, her claim would be barred by her own contributory negligence. Because Plaintiff cannot prove a *prima facie* case of negligence, there is no need to examine Defendants' contributory negligence argument.

Plaintiff's responses generally lament the incomplete state of discovery, but she never moved to compel, and instead moved to reopen discovery after the deadline had passed and

Defendants' summary judgment motion had been filed.  (Paper 53).
The court denied the motion to reopen discovery on October 19,
2009.  (Paper 64).

Maryland courts have held that "for a plaintiff to state a
*prima facie* claim in negligence, he or she must prove the
existence of four elements by alleging facts demonstrating (1)
that the defendant was under a duty to protect the plaintiff
from injury, (2) that the defendant breached that duty, (3) that
the plaintiff suffered actual injury or loss, and (4) that the
loss or injury proximately resulted from the defendant's breach
of the duty."  *Patton v. United States Rugby Football, Union,
Ltd.*, 381 Md. 627, 635-36 (2004)(citing *Remsburg v. Montgomery*,
376 Md. 568, 582 (2003))(internal quotations omitted).

Analysis of any negligence cause of action begins by
determining whether a legally cognizable duty existed, and if
one did exist, whether it was breached.  For negligence to be
found, the entity owing a duty of care must know of or be
responsible for the condition causing the injury.  The burden is
upon the customer to show that "the proprietor created the
dangerous condition or had actual or constructive knowledge of
its existence." *Moulden v. Greenbelt Consumer Services, Inc.*,
239 Md. 229, 233 (Md. 1965) (citing *Lexington Market v. Zappala*,
233 Md. 444 (1964)).  "In the case of a foreign substance in the
aisle or on the floor of a conveyance the plaintiff must show

that the foreign substance was placed there by an employee of the carrier or that the employee knew, or by the exercise of proper care and diligence should have known of the presence of such foreign substance and failed to remove it." *Hall v. WMATA*, 2010 WL 118335 at * 6-7 (D.Md. January 7, 2010)(citing *Carolina Coach Co. v. Bradley*, 17 Md.App. 51, 56-57 (1973)).  Whether there has been sufficient time for a landowner to "discover, cure, or clean up a dangerous condition" is dependent on the "nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it . . . and the foreseeable consequences of the conditions." *Deering Woods Condo. Ass'n v. Spoon,* 377 Md. 250, 264 (Md. 2003).

Plaintiff claims that she was "clearly an invitee on the premises where she fell. . . . she was leaving the Metro station by the only path available due to Defendants' construction sites."[2]   (Paper 59, at 6).  Plaintiff first alleges that

---

[2] It is not necessary to determine precisely what standard of care is owed by Defendants in this case, because no genuine issue of material fact exists regardless of what standard applies.  As evidenced in the text, if the court adopted the Plaintiff's contention that she was an invitee, her case would still fail.  "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he: (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees; and (b) should expect that they will not discover or realize the danger,

Defendants own and control the premises (Paper 59 ¶ 6), but then acknowledges that she does not know who owns the premises. (Paper 59, at 4 ¶ 2).   Moreover, Plaintiff argues that "Defendants knew or should have known of the dangerous condition by conducting a visual inspection of the area . . . . The walkway needed to be cleared at all times by the defendants." (Paper 59, at 4).   Plaintiff concedes that the "Defendants may be accurate that" the exact location of Plaintiff's fall was not under construction.   She estimates that it was between six and eight feet from the construction fences.   (*Id.*).

Defendants have asserted in their responses to Plaintiff's Interrogatories that neither WMATA nor Jennings owns or operates the premises, and that neither was engaged in any construction activity on the walkway at the time of the injury.   Defendants argue that they therefore owed no duty to Plaintiff regarding the safety and maintenance of the premises.   Moreover, Defendants maintain that even if Plaintiff was owed a duty, no

---

or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect them against the danger." *Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 263 (2003). In fact, Defendant WMATA is a common carrier, and as such, owes its passengers, including Plaintiff "the highest degree of care to provide safe means and methods of transportation for them." *Hall* at *6.   Whether this duty covers the premises in question is an issue that the court need not reach, because even under a heightened standard, Plaintiff fails to raise a genuine issue of material fact.

evidence exists that Defendants breached the duty owed.  (Paper 52, at 5).

Plaintiff has not established that either Defendant owned or was responsible for the premises where she fell. Furthermore, she cannot show that either breached any potential duty that they may have owed to her.  There is no evidence that any Defendant placed the rock that caused Plaintiff to trip in the path, and no evidence that any Defendant had actual or constructive knowledge of the rock.  Plaintiff fails to establish that the rock that she tripped on was on the ground for long enough for Defendants to discover it and remove it. *Hall,* 2010 WL 118335 at * 11.  The rock could have been there for a few minutes, or an hour, or a week: no evidence is offered to prove that Defendants had had adequate time to see the rock on the ground and had deliberately neglected to remove it. *Moulden*, 239 Md. at 233 (finding that where a woman slipped on a green bean on the floor and may have fallen from a cart just a few moments prior to the accident, "since there was no evidence of actual or constructive notice of a dangerous condition" the directed verdict for the store was appropriate).  Plaintiff has set forth "no specific facts showing there is a genuine issue for trial regarding whether Defendant[s] [were] on notice of the hazardous condition and had the opportunity to remove it." *Hall*, 2010 WL 118335 at *12.

Moreover, Defendants took reasonable safety measures.  As part of observing its precautions, Defendant Jennings erected chain link fences lined by silt fencing and anchored by dirt to prevent the escape of debris from the construction area to walkway.  (Paper 52, Ex. 4, Answer to Interrog. 11).  These fences would have kept most construction-related rocks and debris off the walkway and premises.  WMATA employed a construction inspector, Fred Daneshvaran, at the construction project.  He inspected the progress of construction on a periodic basis.  (Paper 52, Ex. 3, Answer to Interrog. 11).

Plaintiff has failed to state a *prima facie* case for negligence.  Accordingly, summary judgment will be granted for Defendants Jennings and WMATA.

III. **Remaining Motions**

A.   **Motion for Joinder of Motion for Summary Judgment**

Defendant Clark moves to adopt and join Defendants Jennings and WMATA in their motion for summary judgment.  (Paper 56). Some of the motion filed by Defendants Jennings and WMATA is inapplicable to Clark (i.e. that neither Jennings nor WMATA owns or operates the premises where Plaintiff fell).  There is no evidence in the record that shows that Defendant Clark did not own or operate the premises where Plaintiff fell.  Nevertheless, because ownership of the premises is not the only basis upon which summary judgment will be granted, Defendant Clark's

failure to show that it does not own the premises is not fatal to its motion.

As is discussed in the section above, Plaintiff has failed to show that any Defendant caused the rock to be in the walkway, or that any party had actual or constructive knowledge of the rock's presence.   Plaintiff similarly fails to allege any facts to show that Defendant Clark caused the rock to be in the walkway or that it had actual or constructive knowledge of the rock's presence there.   Because of this lack of evidence, Plaintiff has not presented a *prima facie* negligence case against Defendant Clark.   The court will therefore grant Clark's motion for joinder to the motion for summary judgment.

**B. Motion for Entry of Default**

Plaintiff's addition of Tides as a Defendant is based on an alternative theory that was apparently suggested by Defendants Jennings and WMATA during Plaintiff's deposition on February 17, 2009.   (Paper 34 ¶ 2; Paper 38 ¶ 4).   In her motion to amend, Plaintiff asserts that Defendants' "theory is that the rock upon which Plaintiff stepped and broke her ankle did not come from their property or their construction projects at the scene. Instead they argue that the rock came from an adjacent gas station." (Paper 38 ¶ 4).

Plaintiff moves for summary judgment against Tides, alleging that she has validly served Tides.   The court will

12

construe her motion as one for entry of default.  Fed.R.Civ.P. 55.  A question exists as to whether Plaintiff served Tides' correct resident agent at the correct address.

To validly serve a defendant corporation in Maryland, a plaintiff must first attempt to serve a registered agent.  After two failed attempts to reach the resident agent, Maryland allows substitution of service.  Rule 2-124 states:

> Service may be made upon a corporation, . . . or other entity required by statute of this State to have a resident agent by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation if (i) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the State Department of Assessments and Taxation; or (iii) two good faith attempts on separate days to serve the resident agent have failed.

Md. Rule 2-124(o).

Plaintiff asserts that, upon a record search with the Maryland Public Service Commission, she found that the gas station adjacent to the premises where she fell was owned by Tides Enterprises, Inc., d/b/a P.G. Plaza Chevron.  As noted above, Plaintiff identified Dejere Genanaw ("Genanaw") as the resident agent, pursuant to Md. Code Art. 24 § 1-110.

In her amended complaint and summons, Plaintiff listed the address for Genanaw as 7309 Sara Street, New Carollton, Maryland

20784.   The address at which the private process server attempted to serve Genanaw was 21821 Gaithers Meadow Lane, Brookeville, Maryland 20833, purportedly where the State Department of Assessments and Taxation reported the resident agent could be found.   Moreover, the current record at the Maryland Department of Assessments and Taxation as of February 2010, does not show Dejere Genanaw as the registered agent.   The only "Tides Enterprises" listed in Maryland was a limited liability corporation, not a corporation, as Tides is named in the amended complaint.   (Paper 40 ¶ 5).   Second, the resident agent listed is Kevin McNeil, Esq., in Laurel, Maryland.   The principal office listed is 2509 Red Cedar Drive, Bowie, Maryland 20721.

It is unclear whether Plaintiff has validly served process on Tides.   If Plaintiff attempted to serve Tides at the incorrect address, or by reaching the incorrect agent, then her substituted service was invalid because it does not satisfy any of the three prerequisites listed in the rule above.   It may be that Plaintiff's attempted service of Genanaw at the Brookeville, Maryland address was correct, but the court has no way of determining this without receiving more information from Plaintiff.

Moreover, even if an order of default is entered against Tides, only those well-pleaded facts in the amended complaint

14

would be deemed admitted. *See Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)("A defendant's default does not in itself warrant the court in entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered."). Thus, unless the facts in the amended complaint establish the liability of Tides, the entry of default would avail Plaintiff nothing.  *See Thomson v. Wooster*, 114 U.S. 104, 113 (1885)(Holding that a default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true, and that default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.); *See also* 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2682 (3[d] ed. 1998).

Plaintiff's motion for entry of default will be denied without prejudice.  Plaintiff will have twenty-one days from the date of the accompanying order to refile for entry of default. As part of her motion, Plaintiff must show that the agent and address where service was attempted were correct.  Plaintiff is cautioned, however, that entry of default will not, in this case, establish liability.

**IV.   Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment will be granted, Defendant Clark's motion for joinder will be granted, and Plaintiff's motion for entry of default will be denied without prejudice.  A separate Order will follow.


                                    /s/
                          _____
                          DEBORAH K. CHASANOW
                          United States District Judge